**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DOMINICK C. PISTONE, | : | CHAPTER 7 |
| | : | |
| Debtor | : | BKRTCY. NO. 18-13374 |
| | : | |
| | : | HEARING DATE: 8/24/2018 |
| | : | TIME: 9:30 A.M. |

**DEBTOR'S MOTION FOR ABANDONMENT OF PROPERTY**
**PURSUANT TO 11 U.S.C. § 554(b) AND N.B.R. 6007(b)**

TO THE HONORABLE RICHARD E. FEHLING, BANKRUPTCY JUDGE:

Debtor files this Motion for Abandonment and says:

1. Debtor filed this case on May 21, 2018.

2. Debtor, with his wife, is the owner of certain real property (the "Property") known as Lot 130, Woodlands Park, St. James Plantation, North Carolina.

3. Debtor filed his Schedules and Statement of Affairs, in which Debtor disclosed the following:

   a. That the property is owned by he and his wife as tenants by the entireties, in accordance with North Carolina law;

   b. That Debtor claimed that the property was worth approximately $90,000; and

   c. That North Carolina law regarding ownership by the entireties is virtually identical to that of Pennsylvania, in that no individual creditor can penetrate the entireties entity to satisfy its debt against one spouse only.

4. Debtor and his wife have signed an Agreement of Sale related to the St. James Plantation property, at a purchase price

1

of $80,000.[1]  See attached Exhibit "A".

5.  While Debtor was unsure of the liens, or value of the liens, against the Property, the North Carolina title company did discover an unpaid and valid lien, with, apparently, a current balance of approximately $64,621.  See Exhibit "B".

7.  Debtor and his wife would like to continue and close on the sale of the Property.  No proceeds would inure to the benefit of creditors in any event, and beyond closing costs and commissions, it is very unlikely that Debtor and his wife will net any significant funds at closing.

8.  The Property needs to be abandoned back to the Debtor so that he and his wife can close on the deal and not default under the Agreement of Sale.  There is clearly no equity in the Property that could possibly benefit any creditors of the Debtor.  There will also clearly be very little payment to Debtor in the form of proceeds from any potential sale, and such would be exempt under the law.

9.  The Property is burdensome to the Estate and/or is of inconsequential value and benefit to the Estate.

10.  The Court should, therefore, Order that the Property be abandoned back to the Debtor, free of the interests of Debtor's creditors and the Debtor's estate.

---

[1] Counsel was unaware of this proposed transaction until after the Section 341 Meeting, at which point he instructed Debtor to put the transaction on hold pending the conclusion of the case.  The Agreement was signed on June 7, 2018, apparently.  Counsel had indicated to Debtor that, in his opinion, North Carolina entireties law would protect any potential sale going forward, but did NOT intend that advice to mean that Debtor was free to sell the Property at any time.  Nevertheless, counsel will now attempt to 'clean up the mess'. At this point, Debtor cannot afford to default under the Agreement.

2

WHEREFORE, Debtor requests the Court enter an Order in the form annexed hereto, ordering the abandonment of the Estate's interest in the Property, in the form annexed hereto.

                                        **LAW OFFICES OF**
                                        **KEVIN K. KERCHER, ESQUIRE, P.C.**

Date: 7/25/2018        /s/ Kevin K. Kercher
                                  Kevin K. Kercher, Esquire
                                  881 Third Street, Suite #C-2
                                  Whitehall, PA 18052
                                  (610) 264-4120 phone
                                  (610) 264-2990 fax
                                  **Attorney for Debtor**