## OFFER TO PURCHASE AND CONTRACT - VACANT LOT/LAND
[Consult "Guidelines" (form 12G) for guidance in completing this form]

> **NOTE:** This contract is intended for unimproved real property that Buyer will purchase only for personal use and does not have immediate plans to subdivide. It should not be used to sell property that is being subdivided unless the property has been platted, properly approved and recorded with the register of deeds as of the date of the contract. If Seller is Buyer's builder and the sale involves the construction of a new single family dwelling prior to closing, use the standard Offer to Purchase and Contract—New Construction (Form 800-T) or, if the construction is completed, use the Offer to Purchase and Contract (Form 2-T) with the New Construction Addendum (Form 2A3-T).

For valuable consideration, the receipt and legal sufficiency of which are hereby acknowledged, Buyer offers to purchase and Seller upon acceptance agrees to sell and convey the Property on the terms and conditions of this Offer To Purchase and Contract and any addendum or modification made in accordance with its terms (together the "Contract").

1. **TERMS AND DEFINITIONS:** The terms listed below shall have the respective meaning given them as set forth adjacent to each term.

   (a) **"Seller":** Dominick Pistone, Teresa M. Pistone

   (b) **"Buyer":** JMS Commercial Contracting

   (c) **"Property":** The Property shall include all that real estate described below together with all appurtenances thereto including the improvements located thereon.

   > **NOTE:** If the Property will include a manufactured (mobile) home(s), Buyer and Seller should consider including the Manufactured (Mobile) Home provision in the Additional Provisions Addendum (Standard Form 2A11-T) with this offer.

   Street Address: 2773 Littleleaf Trail
   City: Southport NC    Zip: 28461
   County: Brunswick    , North Carolina

   > **NOTE:** Governmental authority over taxes, zoning, school districts, utilities and mail delivery may differ from address shown.

   Legal Description: (Complete *ALL* applicable)
   Plat Reference: Lot/Unit 130 , Block/Section EV , Subdivision/Condominium St James
   _____ , as shown on Plat Book/Slide 36 at Page(s) 106
   The PIN/PID or other identification number of the Property is: 219 OC011
   Other description: _____
   Some or all of the Property may be described in Deed Book 2519 at Page 690

   (d) **"Purchase Price":**

   | $ | 80,000.00 | paid in U.S. Dollars upon the following terms: |
   |---|---|---|
   | $ | | BY DUE DILIGENCE FEE made payable and delivered to Seller by the Effective Date. |
   | $ | 5,000.00 | BY INITIAL EARNEST MONEY DEPOSIT made payable and delivered to Escrow Agent named in Paragraph 1(f) by ☐ cash ☒ personal check ☐ official bank check ☐ wire transfer, ☐ electronic transfer, EITHER ☐ with this offer OR ☐ within five (5) days of the Effective Date of this Contract. |
   | $ | | BY (ADDITIONAL) EARNEST MONEY DEPOSIT made payable and delivered to Escrow Agent named in Paragraph 1(f) by cash, official bank check, wire transfer or electronic transfer no later than _____ , **TIME BEING OF THE ESSENCE** with regard to said date. |
   | $ | | BY ASSUMPTION of the unpaid principal balance and all obligations of Seller on the existing loan(s) secured by a deed of trust on the Property in accordance with the attached Loan Assumption Addendum (Standard Form 2A6-T). |
   | $ | | BY SELLER FINANCING in accordance with the attached Seller Financing Addendum (Standard Form 2A5-T). |
   | $ | 75,000.00 | BALANCE of the Purchase Price in cash at Settlement (some or all of which may be paid with the proceeds of a new loan). |

This form jointly approved by:    Page 1 of 11    **STANDARD FORM 12-T**
North Carolina Bar Association    Revised 7/2017
North Carolina Association of REALTORS®, Inc.    © 7/2017

Buyer initials _____    Seller initials _____

~~Should Buyer fail to deliver either the Due Diligence Fee or any Initial Earnest Money Deposit by their due dates, or~~ should any ~~check or other~~ funds paid by Buyer be dishonored, for any reason, by the institution upon which the payment is drawn, Buyer shall have one (1) banking day after written notice to deliver cash, official bank check, wire transfer or electronic transfer to the payee. In the event Buyer does not timely deliver the required funds, Seller shall have the right to terminate this Contract upon written notice to Buyer.

(e) ~~"Earnest Money Deposit": The Initial Earnest Money Deposit, the Additional Earnest Money Deposit, and any~~ other earnest monies paid or required to be paid in connection with this transaction, collectively the "Earnest Money Deposit", shall be deposited and held in escrow by Escrow Agent until Closing, at which time it will be credited to Buyer, or until this Contract is otherwise terminated. In the event: (1) this offer is not accepted; or (2) a condition of any resulting contract is not satisfied, then the Earnest Money Deposit shall be refunded to Buyer. In the event of breach of this Contract by Seller, the Earnest Money Deposit shall be refunded to Buyer upon Buyer's request, but such return shall not affect any other remedies available to Buyer for such breach. In the event of breach of this Contract by Buyer, the Earnest Money Deposit shall be paid to Seller as liquidated damages and as Seller's sole and exclusive remedy for such breach, but without limiting Seller's rights under Paragraphs 2(c) and 2(d) for damage to the Property or Seller's right to retain the Due Diligence Fee. It is acknowledged by the parties that payment of the Earnest Money Deposit to Seller in the event of a breach of this Contract by Buyer is compensatory and not punitive, such amount being a reasonable estimation of the actual loss that Seller would incur as a result of such breach. The payment of the Earnest Money Deposit to Seller shall not constitute a penalty or forfeiture but actual compensation for Seller's anticipated loss, both parties acknowledging the difficulty determining Seller's actual damages for such breach. If legal proceedings are brought by Buyer or Seller against the other to recover the Earnest Money Deposit, the prevailing party in the proceeding shall be entitled to recover from the non-prevailing party reasonable attorney fees and court costs incurred in connection with the proceeding.

(f) "Escrow Agent" (insert name): __Johnson/ Moore Attorneys__

> NOTE: In the event of a dispute between Seller and Buyer over the disposition of the Earnest Money Deposit held in escrow, a licensed real estate broker ("Broker") is required by state law (and Escrow Agent, if not a Broker, hereby agrees) to retain the Earnest Money Deposit in the Escrow Agent's trust or escrow account until Escrow Agent has obtained a written release from the parties consenting to its disposition or until disbursement is ordered by a court of competent jurisdiction. Alternatively, if a Broker or an attorney licensed to practice law in North Carolina ("Attorney") is holding the Earnest Money Deposit, the Broker or Attorney may deposit the disputed monies with the appropriate clerk of court in accordance with the provisions of N.C.G.S. §93A-12.

THE PARTIES AGREE THAT A REAL ESTATE BROKERAGE FIRM ACTING AS ESCROW AGENT MAY PLACE THE EARNEST MONEY DEPOSIT IN AN INTEREST BEARING TRUST ACCOUNT AND THAT ANY INTEREST EARNED THEREON SHALL BE DISBURSED TO THE ESCROW AGENT MONTHLY IN CONSIDERATION OF THE EXPENSES INCURRED BY MAINTAINING SUCH ACCOUNT AND RECORDS ASSOCIATED THEREWITH.

(g) "Effective Date": The date that: (1) the last one of Buyer and Seller has signed or initialed this offer or the final counteroffer, if any, and (2) such signing or initialing is communicated to the party making the offer or counteroffer, as the case may be. The parties acknowledge and agree that the initials lines at the bottom of each page of this Contract are merely evidence of their having reviewed the terms of each page, and that the complete execution of such initials lines shall not be a condition of the effectiveness of this Agreement.

(h) "Due Diligence": Buyer's opportunity to investigate the Property and the transaction contemplated by this Contract, including but not necessarily limited to the matters described in Paragraph 2 below, to decide whether Buyer, in Buyer's sole discretion, will proceed with or terminate the transaction.

(i) "Due Diligence Fee": A negotiated amount, if any, paid by Buyer to Seller with this Contract for Buyer's right to terminate the Contract for any reason or no reason during the Due Diligence Period. It shall be the property of Seller upon the Effective Date and shall be a credit to Buyer at Closing. The Due Diligence Fee shall be non-refundable except in the event of a material breach of this Contract by Seller, or if this Contract is terminated under Paragraph 6(m) or Paragraph 9, or as otherwise provided in any addendum hereto. Buyer and Seller each expressly waive any right that they may have to deny the right to conduct Due Diligence or to assert any defense as to the enforceability of this Contract based on the absence or alleged insufficiency of any Due Diligence Fee, it being the intent of the parties to create a legally binding contract for the purchase and sale of the Property without regard to the existence or amount of any Due Diligence Fee.

(j) "Due Diligence Period": The period beginning on the Effective Date and extending through 5:00 p.m. on __June 22, 2018__   *TIME BEING OF THE ESSENCE* with regard to said date.

Page 2 of 11

Buyer initials _JS_   Seller initials _DCl_ _FMP_

STANDARD FORM 12-T
Revised 7/2017
© 7/2017

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com

Schiano BV lot 130

~~(k) "Settlement": The proper execution and delivery to the closing attorney of all documents necessary to complete the~~ transaction contemplated by this Contract, including the deed, settlement statement, deed of trust and other loan or conveyance documents, and the closing attorney's receipt of all funds necessary to complete such transaction.

(l) "Settlement Date": The parties agree that Settlement will take place on _____ July 9, 2018 _____ (the "Settlement Date"), unless otherwise agreed in writing, at a time and place designated by Buyer.

(m) "Closing": The completion of the legal process which results in the transfer of title to the Property from Seller to Buyer, which includes the following steps: (1) the Settlement (defined above); (2) the completion of a satisfactory title update to the Property ~~following the Settlement; (3) the closing attorney's receipt of authorization to disburse all necessary funds; and (4) record~~ation in the appropriate county registry of the deed(s) and deed(s) of trust, if any, which shall take place as soon as reasonably possible for the closing attorney after Settlement. Upon Closing, the proceeds of sale shall be disbursed by the closing attorney in accordance with the settlement statement and the provisions of Chapter 45A of the North Carolina General Statutes. If the title update should reveal unexpected liens, encumbrances or other title defects, or if the closing attorney is not authorized to disburse all necessary funds, then the Closing shall be suspended and the Settlement deemed delayed under Paragraph 10 (Delay in Settlement/Closing).

WARNING: The North Carolina State Bar has determined that the performance of most acts and services required for a closing constitutes the practice of law and must be performed only by an attorney licensed to practice law in North Carolina. State law prohibits unlicensed individuals or firms from rendering legal services or advice. Although non-attorney settlement agents may perform limited services in connection with a closing, they may not perform all the acts and services required to complete a closing. A closing involves significant legal issues that should be handled by an attorney. Accordingly it is the position of the North Carolina Bar Association and the North Carolina Association of REALTORS® that all buyers should hire an attorney licensed in North Carolina to perform a closing.

(n) "Special Assessments": A charge against the Property by a governmental authority in addition to ad valorem taxes and recurring governmental service fees levied with such taxes, or by an owners' association in addition to any regular assessment (dues), either of which may be a lien against the Property. A Special Assessment may be either proposed or confirmed.

"Proposed Special Assessment": A Special Assessment that is under formal consideration but which has not been approved prior to Settlement.

"Confirmed Special Assessment": A Special Assessment that has been approved prior to Settlement whether or not it is fully payable at time of Settlement.

2. **BUYER'S DUE DILIGENCE PROCESS:**

WARNING: BUYER IS STRONGLY ENCOURAGED TO CONDUCT DUE DILIGENCE DURING THE DUE DILIGENCE PERIOD. If Buyer is not satisfied with the results or progress of Buyer's Due Diligence, Buyer should terminate this Contract, *prior to the expiration of the Due Diligence Period*, unless Buyer can obtain a written extension from Seller. SELLER IS NOT OBLIGATED TO GRANT AN EXTENSION. Although Buyer may continue to investigate the Property following the expiration of the Due Diligence Period, Buyer's failure to deliver a Termination Notice to Seller prior to the expiration of the Due Diligence Period will constitute a waiver by Buyer of any right to terminate this Contract based on any matter relating to Buyer's Due Diligence. Provided however, following the Due Diligence Period, Buyer may still exercise a right to terminate if Seller fails to materially comply with any of Seller's obligations under paragraph 6 of this Contract or for any other reason permitted under the terms of this Contract or North Carolina law.

(a) Loan: Buyer, at Buyer's expense, shall be entitled to pursue qualification for and approval of the Loan if any.

NOTE: Buyer's obligation to purchase the Property is not contingent on obtaining a Loan. Therefore, Buyer is advised to consult with Buyer's lender prior to signing this offer to assure that the Due Diligence Period allows sufficient time for the appraisal to be completed and for Buyer's lender to provide Buyer sufficient information to decide whether to proceed with or terminate the transaction.

(b) Property Investigation: Buyer or Buyer's agents or representatives, at Buyer's expense, shall be entitled to conduct all desired tests, surveys, appraisals, investigations, examinations and inspections of the Property as Buyer deems appropriate, including but NOT limited to the following:

Page 3 of 11

Buyer initials JS        Seller initials DCF  AMF

STANDARD FORM 12-T
Revised 7/2017
© 7/2017

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026   www.zipLogix.com        Schiano BV lot 130

(i) **Soil And Environmental:** Reports to determine whether the soil is suitable for Buyer's intended use and whether there is any environmental contamination, law, rule or regulation that may prohibit, restrict or limit Buyer's intended use.

(ii) **Septic/Sewer System:** Any applicable investigation(s) to determine: (1) the condition of an existing sewage system, (2) the costs and expenses to install a sewage system approved by an existing Improvement Permit, (3) the availability and expense to connect to a public or community sewer system, and/or (4) whether an Improvement Permit or written evaluation may be obtained from the County Health Department for a suitable ground absorption sewage system.

(iii) **Water:** Any applicable investigation(s) to determine: (1) the condition of an existing private drinking water well, (2) the costs and expenses to install a private drinking water well approved by an existing Construction Permit, (3) the availability, costs and expenses to connect to a public or community water system, or a shared private well, and/or (4) whether a Construction Permit may be obtained from the County Health Department for a private drinking water well.

(iv) **Review of Documents:** Review of the Declaration of Restrictive Covenants, Bylaws, Articles of Incorporation, Rules and Regulations, and other governing documents of any applicable owners' association and/or subdivision. If the Property is subject to regulation by an owners' association, it is recommended that Buyer review the completed Owners' Association And Addendum (Standard Form 2A12-T) provided by Seller prior to signing this offer. It is also recommended that the Buyer determine if the owners' association or its management company charges fees for providing information required by Buyer's lender or confirming restrictive covenant compliance.

(v) **Appraisals:** An appraisal of the Property.

(vi) **Survey:** A survey to determine whether the property is suitable for Buyer's intended use and the location of easements, setbacks, property boundaries and other issues which may or may not constitute title defects.

(vii) **Zoning and Governmental Regulation:** Investigation of current or proposed zoning or other governmental regulation that may affect Buyer's intended use of the Property, adjacent land uses, planned or proposed road construction, and school attendance zones.

(viii) **Flood Hazard:** Investigation of potential flood hazards on the Property, and/or any requirement to purchase flood insurance in order to obtain the Loan.

(ix) **Utilities and Access:** Availability, quality, and obligations for maintenance of utilities including electric, gas, communication services, stormwater management, and means of access to the Property and amenities.

(x) **Streets/Roads:** Investigation of the status of the street/road upon which the Property fronts as well as any other street/road used to access the Property, including: (1) whether any street(s)/road(s) are public or private, (2) whether any street(s)/road(s) designated as public are accepted for maintenance by the State of NC or any municipality, or (3) if private or not accepted for public maintenance, the consequences and responsibility for maintenance and the existence, terms and funding of any maintenance agreements.

> **NOTE:** NC General Statutes Section 136-102.6(f) (the "Statute") requires that under circumstances described in the Statute, a buyer must be provided a subdivision streets disclosure statement prior to entering into an agreement to buy subdivided property described in the Statute. If Buyer or Seller are uncertain whether the sale of the Property described in this Contract is subject to the Statute, consult a NC real estate attorney.

(c) **Buyer's Obligation to Repair Damage:** Buyer shall, at Buyer's expense, promptly repair any damage to the Property resulting from any activities of Buyer and Buyer's agents and contractors, but Buyer shall not be responsible for any damage caused by accepted practices applicable to any N.C. licensed professional performing reasonable appraisals, tests, surveys, examinations and inspections of the Property. This repair obligation shall survive any termination of this Contract.

(d) **Indemnity:** Buyer will indemnify and hold Seller harmless from all loss, damage, claims, suits or costs, which shall arise out of any contract, agreement, or injury to any person or property as a result of any activities of Buyer and Buyer's agents and contractors relating to the Property except for any loss, damage, claim, suit or cost arising out of pre-existing conditions of the Property and/or out of Seller's negligence or willful acts or omissions. This indemnity shall survive this Contract and any termination hereof.

(e) **Buyer's Right to Terminate:** Buyer shall have the right to terminate this Contract for any reason or no reason, by delivering to Seller written notice of termination (the "Termination Notice") during the Due Diligence Period (or any agreed-upon written extension of the Due Diligence Period), *TIME BEING OF THE ESSENCE*. If Buyer timely delivers the Termination Notice, this Contract shall be terminated and the Earnest Money Deposit shall be refunded to Buyer.

(f) **CLOSING SHALL CONSTITUTE ACCEPTANCE OF THE PROPERTY IN ITS THEN EXISTING CONDITION UNLESS PROVISION IS OTHERWISE MADE IN WRITING.**

3. **BUYER REPRESENTATIONS:**
(a) **Loan:** Buyer ☐ does ☒ does not intend to obtain a new loan in order to purchase the Property. If Buyer is obtaining a new loan, Buyer intends to obtain a loan as follows: ☐ Conventional ☐ Other: _____ loan at a

Buyer initials JS    Page 4 of 11    Seller initials _____

STANDARD FORM 12-T
Revised 7/2017
© 7/2017

Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026  www.zipLogix.com      Schiano BV lot 130

☐ Fixed Rate  ☐ Adjustable Rate in the principal amount of _____ for a term of _____ year(s), at an initial interest rate not to exceed _____ % per annum (the "Loan").

> **NOTE:** Buyer's obligations under this Contract are not conditioned upon obtaining or closing any loan.

> **NOTE:** If Buyer does not intend to obtain a new loan, Seller is advised, prior to signing this offer, to obtain documentation from Buyer which demonstrates that Buyer will be able to close on the Property without the necessity of obtaining a new loan.

(b) **Other Property:** Buyer ☐ does ☒ does not have to sell or lease other real property in order to qualify for a new loan or to complete purchase.

> **NOTE:** If Buyer does have to sell, Buyer and Seller should consider including a Contingent Sale Addendum (Standard Form 2A2-T) with this offer.

(c) **Performance of Buyer's Financial Obligations:** To the best of Buyer's knowledge, there are no other circumstances or conditions existing as of the date of this offer that would prohibit Buyer from performing Buyer's financial obligations in accordance with this Contract, except as may be specifically set forth herein.

4. **BUYER OBLIGATIONS:**
   (a) **Responsibility for Proposed Special Assessments:** Buyer shall take title subject to all Proposed Special Assessments.
   (b) **Responsibility for Certain Costs:** Buyer shall be responsible for all costs with respect to:
      (i) any loan obtained by Buyer, including charges by an owners association and/or management company as agent of an owners' association for providing information required by Buyer's lender;
      (ii) charges required by an owners' association declaration to be paid by Buyer for Buyer's future use and enjoyment of the Property, including, without limitation, working capital contributions, membership fees, or charges for Buyer's use of the common elements and/or services provided to Buyer, such as "move-in fees";
      (iii) determining restrictive covenant compliance;
      (iv) appraisal;
      (v) title search;
      (vi) title insurance;
      (vii) any fees charged by the closing attorney for the preparation of the Closing Disclosure, Seller Disclosure and any other settlement statement;
      (viii) recording the deed; and
      (ix) preparation and recording of all instruments required to secure the balance of the Purchase Price unpaid at Settlement.

   (c) **Authorization to Disclose Information:** Buyer authorizes the Buyer's lender(s), the parties' real estate agent(s) and closing attorney: (1) to provide this Contract to any appraiser employed by Buyer or by Buyer's lender(s); and (2) to release and disclose any buyer's closing disclosure, settlement statement and/or disbursement summary, or any information therein, to the parties to this transaction, their real estate agent(s) and Buyer's lender(s).

5. **SELLER REPRESENTATIONS:**
   (a) **Ownership:** Seller represents that Seller:
      ☒ has owned the Property for at least one year.
      ☐ has owned the Property for less than one year.
      ☐ does not yet own the Property.

   (b) **Assessments:** To the best of Seller's knowledge, there are no Proposed Special Assessments except as follows (Insert "None" or the identification of such assessments, if any): none_____.
   Seller warrants that there are no Confirmed Special Assessments except as follows (Insert "None" or the identification of such assessments, if any): none_____.

   (c) **Owners' Association(s) and Dues:** To best of Seller's knowledge, ownership of the Property ☒ subjects ☐ does not subject Buyer to regulation by one or more owners' association(s) and governing documents, which impose various mandatory covenants, conditions and restrictions upon the Property and Buyer's enjoyment thereof, including but not limited to obligations to pay regular assessments (dues) and Special Assessments. If there is an owners' association, then an Owners' Association Disclosure and Addendum For Properties Exempt from Residential Property Disclosure Statement (Standard Form 2A12-T) shall be completed by Seller, at Seller's expense, and must be attached as an addendum to this Contract.

Page 5 of 11

Buyer initials _AS_   Seller initials _DCP JMP_

STANDARD FORM 12-T
Revised 7/2017
© 7/2017

(d) **Sewage System Permit:** (☐ Applicable ☒ Not Applicable) Seller warrants that the sewage system described in the Improvement Permit attached hereto has been installed, which representation survives Closing, but makes no further representations as to the system.

(e) **Private Drinking Water Well Permit:** (☐ Applicable ☒ Not Applicable) Seller warrants that a private drinking water well has been installed, which representation survives Closing, but makes no further representations as to the well. (If well installed after July 1, 2008, attach Improvement Permit hereto.)

6. **SELLER OBLIGATIONS:**
   (a) **Evidence of Title, Payoff Statement(s) and Non Foreign Status:**
      (i) Seller agrees to use best efforts to provide to the closing attorney as soon as reasonably possible after the Effective Date, copies of all title information in possession of or available to Seller, including but not limited to: title insurance policies, attorney's opinions on title, surveys, covenants, deeds, notes and deeds of trust, leases, and easements relating to the Property.
      (ii) Seller shall provide to the closing attorney all information needed to obtain a written payoff statement from any lender(s) regarding any security interest in the Property as soon as reasonably possible after the Effective Date, and Seller designates the closing attorney as Seller's agent with express authority to request and obtain on Seller's behalf payoff statements and/or short-pay statements from any such lender(s).
      (iii) If Seller is not a foreign person as defined by the Foreign Investment in Real Property Tax Act, Seller shall also provide to the closing attorney a non-foreign status affidavit (pursuant to the Foreign Investment in Real Property Tax Act). In the event Seller shall not provide a non-foreign status affidavit, Seller acknowledges that there may be withholding as provided by the Internal Revenue Code.

   (b) **Authorization to Disclose Information:** Seller authorizes: (1) any attorney presently or previously representing Seller to release and disclose any title insurance policy in such attorney's file to Buyer and both Buyer's and Seller's agents and attorneys; (2) the Property's title insurer or its agent to release and disclose all materials in the Property's title insurer's (or title insurer's agent's) file to Buyer and both Buyer's and Seller's agents and attorneys, and (3) the closing attorney to release and disclose any seller's closing disclosure, settlement statement and/or disbursement summary, or any information therein, to the parties to this transaction, their real estate agent(s) and Buyer's lender(s).

   (c) **Access to Property:** Seller shall provide reasonable access to the Property (including working, existing utilities) through the earlier of Closing or possession by Buyer, including, but not limited to, allowing the Buyer and/or Buyer's agents or representatives an opportunity to (i) conduct Due Diligence, (ii) verify the satisfactory completion of negotiated repairs/improvements, and (iii) conduct a final walk-through inspection of the Property. To the extent applicable, Seller shall also be responsible for timely clearing that portion of the Property required by the County to perform tests, inspections and/or evaluations to determine the suitability of the Property for a sewage system and/or private drinking water well.

   > **NOTE:** See WARNING in paragraph 2 above for limitation on Buyer's right to terminate this Contract as a result of Buyer's continued investigation of the Property following the expiration of the Due Diligence Period.

   (d) **Removal of Seller's Property:** Seller shall remove from the Property, by the date possession is delivered, (i) all personal property which is not a part of the purchase and (ii) unless otherwise agreed, all garbage and debris.

   (e) **Affidavit and Indemnification Agreement:** Seller shall furnish at Settlement an affidavit(s) and indemnification agreement(s) in form satisfactory to Buyer and Buyer's title insurer, if any, executed by Seller and any person or entity who has performed or furnished labor, services, materials or rental equipment to the Property within 120 days prior to the date of Settlement and who may be entitled to claim a lien against the Property as described in N.C.G.S. §44A-8 verifying that each such person or entity has been paid in full and agreeing to indemnify Buyer, Buyer's lender(s) and Buyer's title insurer against all loss from any cause or claim arising therefrom.

   (f) **Designation of Lien Agent, Payment and Satisfaction of Liens:** If required by N.C.G.S. §44A-11.1, Seller shall have designated a Lien Agent, and Seller shall deliver to Buyer as soon as reasonably possible a copy of the appointment of Lien Agent. All deeds of trust, deferred ad valorem taxes, liens and other charges against the Property, not assumed by Buyer, must be paid and satisfied by Seller prior to or at Settlement such that cancellation may be promptly obtained following Closing. Seller shall remain obligated to obtain any such cancellations following Closing.

   (g) **Good Title, Legal Access:** Seller shall execute and deliver a GENERAL WARRANTY DEED for the Property in recordable form no later than Settlement, which shall convey fee simple marketable and insurable title, without exception for mechanics' liens, and free of any other liens, encumbrances or defects, including those which would be revealed by a current and accurate survey of

Page 6 of 11

Buyer initials ⟦JS⟧    Seller initials ⟦DCF⟧ ⟦JMF⟧

STANDARD FORM 12-T
Revised 7/2017
© 7/2017

the Property, except: ad valorem taxes for the current year (prorated through the date of Settlement); utility easements and unviolated covenants, conditions or restrictions that do not materially affect the value of the Property; and such other liens, encumbrances or defects as may be assumed or specifically approved by Buyer in writing. The Property must have legal access to a public right of way.

> **NOTE:** Buyer's failure to conduct a survey or examine title of the Property prior to the expiration of the Due Diligence Period does not relieve the Seller of their obligation to deliver good title under this paragraph.

> **NOTE:** If any sale of the Property may be a "short sale," consideration should be given to attaching a Short Sale Addendum (Standard Form 2A14-T) as an addendum to this Contract.

(h) **Deed, Taxes, and Fees:** Seller shall pay for preparation of a deed and all other documents necessary to perform Seller's obligations under this Contract, and for state and county excise taxes, and any deferred, discounted or rollback taxes, and local conveyance fees required by law. The deed is to be made to: **Contact Buyer**

(i) **Agreement to Pay Buyer Expenses:** Seller shall pay at Settlement $ _____ toward any of Buyer's expenses associated with the purchase of the Property, at the discretion of Buyer and/or lender, if any, including any FHA/VA lender and inspection costs that Buyer is not permitted to pay.

(j) **Owners' Association Fees/Charges:** Seller shall pay: (i) any fees required for confirming Seller's account payment information on owners' association dues or assessments for payment or proration; (ii) any fees imposed by an owners' association and/or a management company as agent of the owners' association in connection with the transaction contemplated by this Contract other than those fees required to be paid by Buyer under paragraph 4(b) above; and (iii) fees incurred by Seller in completing the Residential Property and Owners' Association Disclosure Statement, and resale or other certificates related to a proposed sale of the Property.

(k) **Payment of Confirmed Special Assessments:** Seller shall pay all Confirmed Special Assessments, if any, provided that the amount thereof can be reasonably determined or estimated. The payment of such estimated amount shall be the final payment between the Parties.

(l) **Late Listing Penalties:** All property tax late listing penalties, if any, shall be paid by Seller.

(m) **Owners' Association Disclosure and Condominium Resale Statement Addendum (Standard Form 2A12-T):** If applicable, Seller shall provide the completed Owners' Association Disclosure and Condominium Resale Statement Addendum to Buyer on or before the Effective Date.

(n) **Seller's Failure to Comply or Breach:** If Seller fails to materially comply with any of Seller's obligations under this Paragraph 6 or Seller materially breaches this Contract, and Buyer elects to terminate this Contract as a result of such failure or breach, then the Earnest Money Deposit and the Due Diligence Fee shall be refunded to Buyer and Seller shall reimburse to Buyer the reasonable costs actually incurred by Buyer in connection with Buyer's Due Diligence without affecting any other remedies. If legal proceedings are brought by Buyer against the Seller to recover the Earnest Money Deposit, the Due Diligence Fee and/or the reasonable costs actually incurred by Buyer in connection with Buyer's Due Diligence, the prevailing party in the proceeding shall be entitled to recover from the non-prevailing party reasonable attorney fees and court costs incurred in connection with the proceeding.

7. **PRORATIONS AND ADJUSTMENTS:** Unless otherwise provided, the following items shall be prorated through the date of Settlement and either adjusted between the parties or paid at Settlement:
   (a) **Taxes on Real Property:** Ad valorem taxes and recurring governmental service fees levied with such taxes on real property shall be prorated on a calendar year basis;
   (b) **Rents:** Rents, if any, for the Property;
   (c) **Dues:** Owners' association regular assessments (dues) and other like charges.

8. **CONDITION OF PROPERTY AT CLOSING:** Buyer's obligation to complete the transaction contemplated by this Contract shall be contingent upon the Property being in substantially the same or better condition at Closing as on the date of this offer, reasonable wear and tear excepted.

9. **RISK OF LOSS:** The risk of loss or damage by fire or other casualty prior to Closing shall be upon Seller. If the improvements on the Property are destroyed or materially damaged prior to Closing, Buyer may terminate this Contract by written notice delivered to Seller or Seller's agent and the Earnest Money Deposit and any Due Diligence Fee shall be refunded to Buyer. In the event Buyer does

Page 7 of 11

Buyer initials _____  Seller initials _DCP_ _LMP_

STANDARD FORM 12-T
Revised 7/2017
© 7/2017

communication given in connection with this Contract. Any written notice or communication may be transmitted to any mailing address, e-mail address or fax number set forth in the "Notice Information" section below. Any notice or communication to be given to a party herein, any any fee, deposit of other payment to be delivered to a party herein, may be given to the party or to such party's agent. Seller and Buyer agree that the "Notice Information" and "Acknowledgment of Receipt of Monies" sections below shall not constitute a material part of this Contract, and that the addition or modification of any information therein shall not constitute a rejection of an offer or the creation of a counteroffer.

19. **EXECUTION:** This Contract may be signed in multiple originals or counterparts, all of which together constitute one and the same instrument.

20. **COMPUTATION OF DAYS/TIME OF DAY:** Unless otherwise provided, for purposes of this Contract, the term "days" shall mean consecutive calendar days, including Saturdays, Sundays, and holidays, whether federal, state, local or religious. For the purposes of calculating days, the count of "days" shall begin on the day following the day upon which any act or notice as provided in this Contract was required to be performed or made. Any reference to a date or time of day shall refer to the date and/or time of day in the State of North Carolina.

THE NORTH CAROLINA ASSOCIATION OF REALTORS®, INC. AND THE NORTH CAROLINA BAR ASSOCIATION MAKE NO REPRESENTATION AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION OF THIS FORM IN ANY SPECIFIC TRANSACTION. IF YOU DO NOT UNDERSTAND THIS FORM OR FEEL THAT IT DOES NOT PROVIDE FOR YOUR LEGAL NEEDS, YOU SHOULD CONSULT A NORTH CAROLINA REAL ESTATE ATTORNEY BEFORE YOU SIGN IT.

This offer shall become a binding contract on the Effective Date. Unless specifically provided otherwise, Buyer's failure to timely deliver any fee, deposit or other payment provided for herein shall not prevent this offer from becoming a binding contract, provided that any such failure shall give Seller certain rights to terminate the contract as described herein or as otherwise permitted by law.

Date: June 7, 2018
Buyer _Johnny Schiano_ (DocuSigned)
JMS Commercial Contracting

Date: _____
Buyer _____

Entity Buyer:
_____
(Name of LLC/Corporation/Partnership/Trust/etc.)

By: _____

Name: _____

Title: _____

Date: _____

Date: _____
Seller _Dominick Pistone_
Dominick Pistone

Date: _____
Seller _Teresa M. Pistone_
Teresa M. Pistone

Entity Seller:
_____
(Name of LLC/Corporation/Partnership/Trust/etc.)

By: _____

Name: _____

Title: _____

Date: _____

## NOTICE INFORMATION

> NOTE: INSERT AT LEAST ONE ADDRESS AND/OR ELECTRONIC DELIVERY ADDRESS EACH PARTY AND AGENT APPROVES FOR THE RECEIPT OF ANY NOTICE CONTEMPLATED BY THIS CONTRACT. INSERT "N/A" FOR ANY WHICH ARE NOT APPROVED.

**BUYER NOTICE ADDRESS:**

Mailing Address: 2585 Mariners Way SE, Southport, NC 28461-8591

Buyer Fax#: _____

Buyer E-mail: jschiano@schianodevelopment.com

**SELLING AGENT NOTICE ADDRESS:**

Firm Name: St James Properties, LLC
Acting as ☒ Buyer's Agent ☐ Seller's (sub)Agent ☐ Dual Agent
Firm License #: C-9917
Mailing Address: PO Box 10879, Southport, NC 28461-0879

Individual Selling Agent: Robert Sidden
☐ Acting as a Designated Dual Agent (check only if applicable)

Selling Agent License #: 191456

Selling Agent Phone#: (910) 523-1744

Selling Agent Fax#: _____

Selling Agent E-mail: robert.sidden@stjamesplantation.com

**SELLER NOTICE ADDRESS:**

Mailing Address: _____

Seller Fax#: _____

Seller E-mail: _____

**LISTING AGENT NOTICE ADDRESS:**

Firm Name: _____
Acting as ☐ Seller's Agent ☐ Dual Agent
Firm License #: _____
Mailing Address: _____

Individual Listing Agent: _____
☐ Acting as a Designated Dual Agent (check only if applicable)

Listing Agent License #: _____

Listing Agent Phone#: _____

Listing Agent Fax#: _____

Listing Agent E-mail: _____

[THIS SPACE INTENTIONALLY LEFT BLANK]

## ACKNOWLEDGMENT OF RECEIPT OF MONIES

Seller: **Dominick Pistone, Teresa M. Pistone** ("Seller")

Buyer: **JMS Commercial Contracting** ("Buyer")

Property Address: **2773 Littleleaf Trail, Southport NC , 28461** ("Property")

☐ **LISTING AGENT ACKNOWLEDGMENT OF RECEIPT OF DUE DILIGENCE FEE**

Paragraph 1(d) of the Offer to Purchase and Contract between Buyer and Seller for the sale of the Property provides for the payment to Seller of a Due Diligence Fee in the amount of $ _____, receipt of which Listing Agent hereby acknowledges.

Date: _____    Firm: _____

By: _____
(Signature)

_____
(Print name)

☐ **SELLER ACKNOWLEDGMENT OF RECEIPT OF DUE DILIGENCE FEE**

Paragraph 1(d) of the Offer to Purchase and Contract between Buyer and Seller for the sale of the Property provides for the payment to Seller of a Due Diligence Fee in the amount of $ _____, receipt of which Seller hereby acknowledges.

Date: _____    Seller: /s/ Dominick Pistone
(Signature)
Dominick Pistone

Date: _____    Seller: /s/ Teresa M. Pistone
(Signature)
Teresa M. Pistone

☐ **ESCROW AGENT ACKNOWLEDGMENT OF RECEIPT OF INITIAL EARNEST MONEY DEPOSIT**

Paragraph 1(d) of the Offer to Purchase and Contract between Buyer and Seller for the sale of the Property provides for the payment to Escrow Agent of an Initial Earnest Money Deposit in the amount of $ _____. Escrow Agent as identified in Paragraph 1(f) of the Offer to Purchase and Contract hereby acknowledges receipt of the Initial Earnest Money Deposit and agrees to hold and disburse the same in accordance with the terms of the Offer to Purchase and Contract.

Date: _____    Firm: **Johnson/ Moore Attorneys**

By: _____
(Signature)

_____
(Print name)

☐ **ESCROW AGENT ACKNOWLEDGMENT OF RECEIPT OF (ADDITIONAL) EARNEST MONEY DEPOSIT**

Paragraph 1(d) of the Offer to Purchase and Contract between Buyer and Seller for the sale of the Property provides for the payment to Escrow Agent of an (Additional) Earnest Money Deposit in the amount of $ _____. Escrow Agent as identified in Paragraph 1(f) of the Offer to Purchase and Contract hereby acknowledges receipt of the (Additional) Earnest Money Deposit and agrees to hold and disburse the same in accordance with the terms of the Offer to Purchase and Contract.

Date: _____    Firm: **Johnson/ Moore Attorneys**

Time: _____ ☐ AM ☐ PM    By: _____
(Signature)

_____
(Print name)

OWNERS' ASSOCIATION DISCLOSURE AND CONDOMINIUM RESALE STATEMENT ADDENDUM
NOTE: For condominium resales or when Residential Property and Owner's Association Disclosure Statement is not required (For example: New Construction, Vacant Lot/Land) or by agreement of the parties.

Property: 2773 Littleleaf Trail, Southport NC, 28461

Buyer: JMS Commercial Contracting

Seller: Dominick Pistone, Teresa M. Pistone

This Addendum is attached to and made a part of the Offer to Purchase and Contract ("Contract") between Buyer and Seller for the Property.

For the purposes of this Addendum, "Development" means any planned community or condominium project, as defined by North Carolina law, which is subject to regulation and assessment by an owners' association.

Any representations made by Seller in this Addendum are true to the best of Seller's knowledge, and copies of any documents provided by Seller are true copies relating to the Development, to the best of Seller's knowledge. Except with regard to Confirmed Special Assessments, Seller does not warrant the accuracy, completeness, or present applicability of any representation or documents provided by Seller, and Buyer is advised to have all information confirmed and any documents substantiated during the Due Diligence Period.

1. Seller represents to Buyer that the Property is subject to the following owners' association(s) [insert N/A into any blank that does not apply]:
   ☐ (specify name): ___St James Plantation POA___ whose regular assessments ("dues") are $ 850.00 per yr . The name, address and telephone number of the president of the owners' association or the association manager are: _____

   Owners' association website address, if any: _____

   ☐ (specify name): _____ whose regular assessments ("dues") are $ _____ per _____ . The name, address and telephone number of the president of the owners' association or the association manager are: _____

   Owners' association website address, if any: _____

2. Seller represents to Buyer that the following services and amenities are paid for by the above owners' association(s) from the regular assessments ("dues"): (Check all that apply)

   ☐ Master Insurance Policy Including All Units          ☒ Street Lights
   ☒ Real Property Taxes on the Common Areas              ☐ Water
   ☒ Casualty/Liability Insurance on Common Areas         ☐ Sewer
   ☐ Management Fees                                      ☒ Private Road Maintenance
   ☐ Exterior Building Maintenance                        ☐ Parking Area Maintenance
   ☐ Exterior Yard/Landscaping Maintenance                ☒ Common Areas Maintenance
   ☐ Trash Removal                                        ☐ Cable
   ☐ Pest Treatment/Extermination                         ☐ Internet service
   ☐ Legal/Accounting                                     ☐ Storm Water Management/Drainage/Ponds
                                                          ☒ Gate and/or Security

   ☐ Recreational Amenities (specify): _____

   ☐ Other (specify) _____

Page 1 of 2

This form jointly approved by:
North Carolina Bar Association
North Carolina Association of REALTORS®, Inc.

Buyer initials _____    Seller initials _____

STANDARD FORM 2A12-T
Revised 7/2015
© 7/2017

St James Properties LLC, 4005 St James Drive Southport, NC 28461    Phone: (800)245-3871    Fax: (910)253-3007    Schiano BV lot 130
Robert Stidden    Produced with zipForm® by zipLogix 18070 Fifteen Mile Road, Fraser, Michigan 48026    www.zipLogix.com

☐ Other (specify) _____

3. As of this date, there are no other dues, fees or Special Assessments, Confirmed or Proposed, payable by the Development's property owners, except: _____.

4. As of this date, there are no unsatisfied judgments against or pending lawsuits involving the Property, the Development and/or the owners' association, except: _____.

5. The fees charged by the owners' association or management company in connection with the transfer of Property to a new owner (including but not limited to document preparation, move in/move out fees, preparation of insurance documents, statement of unpaid assessments, and transfer fees) are as follows: _____

6. Seller authorizes and directs any owners' association, any management company of the owners' association, any insurance company and any attorney who has previously represented the Seller to release to Buyer, Buyer's agents, representative, closing attorney or lender true and accurate copies of the following items affecting the Property, including any amendments:
- Seller's statement of account
- master insurance policy showing the coverage provided and the deductible amount
- Declaration and Restrictive Covenants
- Rules and Regulations
- Articles of Incorporation
- Bylaws of the owners' association
- current financial statement and budget of the owners' association
- parking restrictions and information
- architectural guidelines

The parties have read, understand and accept the terms of this Addendum as a part of the Contract.

IN THE EVENT OF A CONFLICT BETWEEN THIS ADDENDUM AND THE CONTRACT, THIS ADDENDUM SHALL CONTROL, EXCEPT THAT IN THE CASE OF SUCH A CONFLICT AS TO THE DESCRIPTION OF THE PROPERTY OR THE IDENTITY OF THE BUYER OR SELLER, THE CONTRACT SHALL CONTROL.

THE NORTH CAROLINA ASSOCIATION OF REALTORS®, INC. AND THE NORTH CAROLINA BAR ASSOCIATION MAKE NO REPRESENTATION AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION OF THIS FORM IN ANY SPECIFIC TRANSACTION. IF YOU DO NOT UNDERSTAND THIS FORM OR FEEL THAT IT DOES NOT PROVIDE FOR YOUR LEGAL NEEDS, YOU SHOULD CONSULT A NORTH CAROLINA REAL ESTATE ATTORNEY BEFORE YOU SIGN IT.

Date: June 7, 2018
Buyer: *Johnny Schiano*
JMS Commercial Contracting

Date: _____
Buyer: _____

Entity Buyer: _____
(Name of LLC/Corporation/Partnership/Trust/etc.)

By: _____

Name: _____

Title: _____

Date: _____

Date: _____
Seller: *Dominick Pistone*
Dominick Pistone

Date: _____
Seller: *Teresa M Pistone*
Teresa M. Pistone

Entity Seller: _____
(Name of LLC/Corporation/Partnership/Trust/etc.)

By: _____

Name: _____

Title: _____

Date: _____